UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHRISTOPHER ANTHONY BRYANT,

    Petitioner,

    v.     No. 2:17 CV 225

WARDEN,

    Respondent.

**OPINION and ORDER**

Christopher Anthony Bryant, a prisoner without a lawyer, filed a petition pursuant to 28 U.S.C. § 2254 raising ten grounds for habeas corpus relief. (DE # 1.) He is challenging his convictions and 45-year sentence as an habitual offender by the Lake Superior Court under cause number 45G04-1009-FA-39 on December 14, 2010. (DE # 11-1 at 5-10.) The Respondent filed a return. (DE # 11.) Bryant filed a traverse. (DE # 17.)

In Ground One, Bryant argues his appellate counsel on direct appeal was ineffective. The Respondent argues the Court of Appeals of Indiana reasonably adjudicated Ground One. Bryant disagrees. In the other nine grounds, Bryant argues his trial counsel was ineffective. The Respondent argues these grounds are procedurally defaulted. Bryant agrees, but argues he can demonstrate cause and prejudice to excuse the default.

The adjudication of this case turns largely on the procedural history of the State court proceedings. The factual details of the underlying criminal charges are much less important. Therefore, this opinion will only include those facts necessary to resolve this

habeas corpus case. A fuller description of the underlying facts appears in *Bryant v. State*, 959 N.E.2d 315 (Ind. Ct. App. 2011). (DE # 11-6.)

GROUND ONE – Ineffective Assistance of Appellate Counsel

Bryant argues "appellate counsel raised ineffective assistance of trial counsel on direct appeal and failed to make a separate argument under the Fourth Amendment to the United States Constitution regarding the scope of the strip search." (DE # 1 at 6.) To prevail on an ineffective assistance of counsel claim, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of appellate counsel claim, the petitioner:

> must show that appellate counsel failed to raise an obvious issue that is stronger than the other claims raised and that prejudice flowed from that failure. Prejudice exists if there is a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of the appeal, had it been raised.

*Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010) (citations and quotation marks omitted).

> Because appellate counsel is not required to raise every non-frivolous issue on appeal, appellate counsel's performance is deficient under *Strickland* only if she fails to argue an issue that is both obvious and clearly stronger than the issues actually raised. Proving that an unraised claim is clearly stronger than a claim that was raised is generally difficult because the comparative strength of two claims is usually debatable.

*Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015) (citations and quotation marks omitted).

On appeal from the denial of post-conviction relief, the Court of Appeals of Indiana resolved this claim on the merits. Here is how it explained its ruling:

> At the outset, we acknowledge Bryant's appellate counsel only challenged the reasonableness of the strip search under the Indiana Constitution, not under the Fourth Amendment to the United States Constitution. However, in 2001, our supreme court in *Edwards v. State* held
>
>> that routine, warrantless strip searches of misdemeanor arrestees, even when incident to lawful arrests, are impermissible under the Indiana Constitution *and the United States Constitution*, and that before jail officials may conduct warrantless strip searches of misdemeanor arrestees detained awaiting the posting of bond, those officials must have a reasonable suspicion that the arrestee is concealing weapons or contraband.
>
> 759 N.E.2d 626, 627-28 (Ind. 2001) (emphasis added). Thus, at the time of Bryant's direct appeal in 2011, our supreme court made clear both the state and federal analysis in determining the reasonableness of a warrantless strip search of a misdemeanor arrestee is the same and each requires law enforcement to have reasonable suspicion the arrestee is concealing weapons or contraband. *See id*. In light of the fact both analyses were the same and Bryant's appellate counsel challenged the search under the Indiana Constitution, we cannot say appellate counsel's decision to not challenge the search under the Fourth Amendment was "unquestionably unreasonable" nor can we see how Bryant suffered any prejudice. *See Hampton*, 961 N.E.2d at 491.

*Bryant v. State*, 76 N.E.3d 199 (Ind. Ct. App. 2011) (table) (DE # 11-11 at 9.)

Under federal habeas corpus law:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (quotation marks and citations omitted).

Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). "Federal habeas review exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quotations and citation omitted). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).

In reviewing ineffective assistance of counsel claims, the court's review of counsel's performance is deferential, and there is an added layer of deference when the claim is raised in a habeas proceeding: "[T]he question is not whether counsel's actions

4

were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Here, appellate counsel argued on direct appeal that the strip search was unreasonable under the Indiana Constitution. In his brief to the Court of Appeals of Indiana, Bryant explained his "argument is simply that counsel failed to make separate argument under the Fourth Amendment to the United States Constitution (regarding) the scope of the strip search." (DE # 11-9 at 98.) The same argument under the Fourth Amendment is an obvious issue, but it is not stronger than the same argument under the Indiana Constitution because Indiana's test for the reasonableness of a search is the same as the Fourth Amendment. As such, the determination by the Court of Appeals of Indiana that Bryant's appellate counsel was not ineffective by foregoing a Fourth Amendment challenge to the strip search was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Therefore Ground One is not a basis for habeas corpus relief.

### GROUNDS TWO through TEN – Procedurally Defaulted

In Grounds Two through Ten, Bryant attempts to raise nine claims of ineffective assistance of trial counsel. The Respondent argues these grounds are procedurally defaulted because the Court of Appeals of Indiana found these claims were waived when it held:

> Although a defendant may present a claim of ineffective assistance of counsel on direct appeal, if he so chooses, the issue will be foreclosed from collateral review." *Rogers v. State*, 897 N.E.2d 955, 965 (Ind. Ct. App. 2008) (*citing Woods v. State*, 701 N.E.2d 1208, 1220 (Ind. 1998)), trans. denied. On direct appeal, Bryant raised a claim of ineffective assistance of trial counsel.

5

> We therefore conclude Bryant is barred from re-litigating his claim of ineffective assistance of trial counsel in this post-conviction proceeding.

*Bryant,* 76 N.E.3d 199. (DE # 11-11 at 7.)

Indiana's prohibition on raising ineffective assistance of counsel claims on both direct appeal and collateral review is an independent and adequate State law reason for finding procedural default. *Timberlake v. Davis*, 409 F.3d 819, 821 (7th Cir. 2005) ("[I]f the defendant *does* elect to argue ineffective assistance on direct appeal, this is the only shot; a defendant must choose which time to make the argument and cannot do it twice."). Bryant agrees these claims are procedurally defaulted. However, he argues he can demonstrate cause and prejudice to excuse the default.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Bryant argues the cause for his default is the ineffective assistance of his direct appeal counsel. He argues "Counsel failed to file a Davis/Hatton Petition [and] failed to consult or confer with Bryant to secure Bryant's approval to waive his right to raise ineffective assistance of counsel claim on PCR in the event the direct appeal failed." (DE # 17 at 7.)

Ineffective assistance of counsel can excuse procedural default, but only if the attorney is "constitutionally ineffective under the standard established in *Strickland v.*

6

*Washington*, [otherwise, there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

> Meritorious claims of ineffective assistance can excuse a procedural default. But those claims must themselves be preserved; in order to use the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, a petitioner is required to raise the claims through one full round of state court review, or face procedural default of those claims as well.

*Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014) (citations, quotation marks, and brackets omitted).

Here, Bryant did not preserve the ineffective assistance of appellate counsel claims he now asserts were cause to excuse procedural default. His only claim of ineffective appellate counsel in this case was for not challenging the strip search based on the Fourth Amendment. *See supra*. So too, in his petition to transfer to the Indiana Supreme Court during his post-conviction relief proceedings, Bryant's only argument about his appellate counsel was "Whether appellate counsel rendered ineffective assistance by failing to challenge the reasonableness of the strip search under the Fourth Amendment to the United States Constitution." (DE # 11-12 at 11.) Because he did not present a claim for ineffective assistance of appellate counsel for failing to file a Davis/Hatton Petition or for not consulting with him before raising an ineffective assistance of counsel claim on direct appeal, those claims are procedurally defaulted and cannot be cause to excuse the procedural default of his ineffective assistance of trial counsel claims. Therefore Bryant has not demonstrated cause and prejudice, his

7

ineffective assistance of trial counsel claims are procedurally defaulted, and Grounds Two through Ten are not a basis for habeas corpus relief.

## APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this opinion for denying habeas corpus relief, there is no basis for encouraging Bryant to proceed further.

"[B]ecause the standard governing the issuance of a certificate of appealability is [more demanding than] the standard for determining whether an appeal is in good faith," *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000), he also may not appeal in forma pauperis because an appeal could not be taken in good faith.

## CONCLUSION

For these reasons, the court:

(1) **DENIES** the habeas corpus petition;

(2) **DENIES** Christopher Anthony Bryant a certificate of appealability;

8

(3) **DENIES** Christopher Anthony Bryant leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the clerk to close this case.

                                              **SO ORDERED.**

Date: September 25, 2020

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT