UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHRISTOPHER ANTHONY BRYANT,

Petitioner,

v.

CAUSE NO. 2:17-CV-225-JTM-JEM

WARDEN,

Respondent.

## OPINION AND ORDER

Christopher Anthony Bryant, a prisoner without a lawyer, filed a motion asking the court to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks and citation omitted).

In his habeas corpus petition, Bryant raised ten grounds: one arguing his direct appeal counsel was ineffective and nine arguing his trial counsel was ineffective. (DE # 1.) In the order denying habeas corpus relief, the court found the nine ineffective assistance of trial counsel claims procedurally defaulted and that he had not demonstrated his appellate counsel was ineffective. (DE # 26.)

In this Rule 59 motion, Bryant argues this court erred by not finding that his direct appeal counsel was ineffective because he raised a claim of ineffective assistance of trial counsel on direct appeal and thereby foreclosed Bryant from raising other ineffective assistance of trial counsel claims in his subsequent post-conviction relief petition. "In this case appellate counsel raising of ineffective assistance of counsel on Bryant's direct appeal undermined Bryant's right to raise meaningful ineffective assistance of counsel claim on PC which appellate counsel clearly admitted in open court would happen." (DE # 28 at 2.) However, Bryant did not present this argument in his habeas corpus petition. The only argument he made about the ineffectiveness of his direct appeal counsel was:

> Ground One: Petitioner was denied effective assistance of appellate counsel by failing to argue properly the claim of ineffective assistance of trial counsel, and by failing to challenge the reasonableness of the strip search conducted at police station under the Fourth Amendment to the United States Constitution.
>
> Supporting Facts: In Bryant's case (he) was still handcuffed from behind when (2) police officers physically bent him forward so detective could check the buttock area. In Bryant's case appellate counsel raised ineffective assistance of trial counsel on direct appeal and failed to make a separate argument under the Fourth Amendment to the United States Constitution regarding the scope of the strip search. In addition, detective never presented evidence to his captain (or) court that he saw Mr. Bryant place anything between his buttock area (or) was concealing anything in body cavities.

(DE # 1 at 6.) Nothing in Ground One says anything about direct appeal counsel being ineffective because he should not have presented an ineffective assistance of trial counsel claim. Therefore this argument is not a basis for altering or amending the judgment.

2

Bryant argues, "[t]he court ignore[d] Bryant's 'MAIN' ineffective of appellate counsel claim regarding challenging the strip search at the police station that Bryant clearly did not give appellate counsel approval to raise this claim of ineffective assistance of counsel on Bryant's direct appeal." (DE # 28 at 2.) However, as noted above, Bryant did not include that claim in his habeas corpus petition.

Bryant argues, "the court failed to confront each meritorious ineffective assistance of trial (nor) ineffective assistance of appellate counsel claims Ground Two through Ten in Bryant's *traverse*." (DE # 28 at 2 (emphasis added).) However new grounds cannot be added in a traverse because Section 2254 Habeas Corpus Rule 2(c)(1) requires that "[t]he petition must: (1) specify all the grounds for relief available to the petitioner." *See also O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) ("[W]e have repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived."). Here, Bryant did not include any ineffective assistance of appellate counsel claims in Grounds Two through Ten of his petition and the ineffective assistance of trial counsel claims that he included were procedurally defaulted because he had not properly presented them to the State courts.

Bryant argues he established cause and prejudice to excuse the procedural default of his ineffective assistance of trial counsel claims. He says he did this by showing that his direct appeal counsel was ineffective by wrongly raising an ineffective assistance of trial counsel claim on direct appeal which foreclosed his ability to raise other ineffective assistance of trial counsel claims during his post-conviction relief proceedings. As noted in the order denying habeas corpus relief, ineffective assistance

of counsel can be cause to excuse procedural default, but only if that claim is independently preserved by raising it through one full round of state court review. *See Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014).

Here, Bryant did not preserve the ineffective assistance of appellate counsel claim he now asserts was cause to excuse procedural default. His only claim of ineffective assistance of appellate counsel presented in his petition to transfer to the Indiana Supreme Court was:

> I. Whether appellate counsel rendered ineffective assistance by failing to challenge the reasonableness of the strip search under the Fourth Amendment to the United States Constitution.
>
> In Bryant's case "(he) was still handcuffed from behind, and (2) police officers physically bent him forward, so detective could check the buttock area." (Tr. p 73). Simply appellate counsel failed to make separate argument under the Fourth Amendment to the United States Constitution (regarding) the scope of the strip search. The marijuana evidence were the fruits of the illegal strip-search that should have been suppressed. In this case detective never presented any evidence to his captain (or) court that "he saw Bryant placing anything between his buttock area (or) was concealing anything in body cavities, (which) indicates detective did not have probable cause (nor) did exigent circumstances exist which would justify search of Bryant.

(DE # 11-12 at 11.) Therefore, this argument is not a basis for altering or amending the judgment.

Finally, Bryant argues "the court in its opinion and order did not discuss *McMann* [*v. Richardson*, 397 U.S. 759 (1970)] or *Trevino* [*v. Thaler*, 569 U.S. 413 (2013)]." (DE # 28 at 5.) Bryant argues *McMann* is relevant to this case because the United States Supreme Court "has recognized that 'the right to counsel is the right to the effective assistance of counsel.'" (DE # 28 at 5.) Though true, the court recognized the same

4

concept with its citation to *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically citing to *McMann* was unnecessary and failing to do so is not a basis to alter or amend the judgment.

Bryant argues *Trevino* is relevant to this case because "[a] federal habeas court is allowed to find 'cause' thereby excusing a defendant of procedural default where (1) the claim of ineffective assistance of 'trial counsel' was a 'substantial claim.'" (DE # 28 at 4.) However, that is an incomplete representation of what *Trevino* said about excusing procedural default of ineffective assistance of trial counsel claims. Quoting *Martinez*, *Trevino* explained that "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino*, 569 U.S. at 429.

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) *caused* a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.

*Martinez,* 566 U.S. at 14 (emphasis added). Bryant did not have counsel for his post-conviction relief proceedings, but that did not *cause* his ineffective assistance of trial counsel claims to receive proper consideration. As he has explained, they were procedurally defaulted by his direct appeal counsel because an ineffective assistance of trial counsel claim was raised on direct appeal. Therefore *Trevino* is not relevant to this

5

case and not mentioning it in the dismissal order is not a basis for altering or amending the judgment.

For these reasons, the Rule 59 motion (DE # 28) is **DENIED**.

                                      **SO ORDERED.**

Date: January 15, 2021

                                    s/James T. Moody  
                                    JUDGE JAMES T. MOODY  
                                    UNITED STATES DISTRICT COURT